MEMORANDUM**
Having determined that petitioner’s counsel was deficient for failing to present Dr. Racoma’s testimony, the Nevada Supreme Court unreasonably applied Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in concluding that petitioner wasn’t prejudiced by counsel’s deficiency.
1. The Nevada Supreme Court concluded that there was no reasonable probability that the outcome of the trial would have changed if Dr. Racoma had been *478 permitted to testify. Specifically, the court found that the jury had already heard whether oppositional defiant disorder (ODD) “could have affected [P.T.’s] ability to be truthful.” Although the jury heard that ODD can affect a child’s truthfulness, the jury did not hear that P.T. had been diagnosed with ODD. Dr. Racoma would have testified about that.
Moreover, the discussion at tidal of whether ODD affects truthfulness wasn’t clear. During cross examination, petitioner’s counsel asked Dr. Vergara, the emergency-room physician who treated P.T., whether her determination of P.T.’s truthfulness might change if she were informed that P.T. suffers fi’om ODD. Dr. Vergara said it wouldn’t necessarily change. Almost contemporaneously, however, she testified that ODD affects a child’s ability to tell the truth. So at best, the jury heard confusing responses to a hypothetical question posed to a physician who didn’t treat patients for behavioral problems. Given the cursory treatment of ODD at trial, the court was unreasonable in determining that Sampson wasn’t prejudiced by his counsel’s failure to call Dr. Racoma.
2.The Nevada Supreme Court was also unreasonable in overlooking the effect that Dr. Racoma’s testimony would have had on the credibility of P.T. and his mother, Veronica. Veronica testified that P.T. suffered from ADHD but omitted any mention of ODD. The jury could have discounted Veronica’s testimony after hearing that Dr. Racoma diagnosed P.T. with ODD, a behavioral disorder that increased his propensity to lie. The prosecution’s case rested entirely on percipient witness testimony, and Dr. Racoma would have called into doubt the veracity of the two key witnesses.
Additionally, the court discounted Dr. Racoma’s testimony because he “could not tell if [P.T.] was untruthful regarding his testimony in this case.” But under Nevada law, Dr. Racoma wouldn’t have been able to opine on P.T.’s veracity. Lickey v. State, 108 Nev. 191, 827 P.2d 824, 826-27 (1992); Townsend v. State, 103 Nev. 113, 734 P.2d 705, 709 (1987) (as changed).
3. Finally, the court overemphasized the probative value of the so-called “corroborating” evidence in establishing P.T.’s credibility. The evidence confirmed that P.T. was truthful insofar as he testified that he was at petitioner’s home. But that was never disputed. None of the evidence — sundry items like stray fast-food wrappers, furniture and items of clothing in petitioner’s house — indicated that petitioner sexually assaulted P.T. The Nevada Supreme Court was unreasonable to the extent it found P.T.’s testimony about undisputed facts to bolster his credibility and minimize the effect that Dr. Racoma’s testimony would have had on the outcome of the trial.
4. There is a reasonable probability that the jury would have acquitted had it heard from Dr. Racoma. • Combined with the Nevada Supreme Court’s earlier finding that petitioner’s counsel rendered deficient performance, this establishes that petitioner received constitutionally ineffective assistance of counsel.
REVERSED and REMANDED, with instructions that the district court GRANT a conditional writ of habeas corpus.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.